United Elec. Rwys. Co.
vs.                    } No.69456
E. P .Winward & Sons
RESCRIPT
June 11, 1927

HAHN ,J.   Heard on plaintiff's motion for a new trial, after verdict for the defendant, on the grounds that the verdict is against the evidence and the weight thereof, and contrary to the law.

This is an action of trespass on the case for negligence in which the plaintiff claims that defendant's agent drove a truck on to the rails upon which a car of the plaintiff was proceeding, and that by reason of so driving upon the track a collision occurred, causing damage to the trolley car of the plaintiff to the sum of $45.58.

The weight of the evidence was to the effect that defendant's truck was driven upon the tracks of plaintiff negligently, and without first determining the position of the plaintiff's trolley car, while the circumstances showed clearly that had defendant's agent given any attention to the position of the trolley car on the track, the collision would not have occurred. While there is some evidence, from the condition of the truck after the collision and the location of the point of contact, that the car might have been stopped in time to avoid a collision, the weight of the evidence is to the effect that the car was proceedingly slowly and that the collision was brought about by the negligence of the defendant in driving upon the track at a point in too close proximity to the trolley car and that this negligence brought about the damage complained of.

The Court regrets that the maxim "de minimis non curat lex" may not be applied in this case as a retrial will take one or two days. The amount involved is small and no important legal principles are involved. Its retrial will possibly result in a similar verdict and will. undoubtedly cause the postponement of the trial of more important litigation pending before this Court in a substantial portion of which this plaintiff is defending against various claims based upon the negligence of its servants and agents.

Plaintiff's motion for a new trial granted.

For Plaintiff: Clifford Whipple, Earl A. Sweeney.

For Defendants: W. H. Mulligan.

---

Louis E. Borden
vs.                    } No.70067
George Briggs, alias
RESCRIPT
June 24, 1926

TANNER, P. J.  This case is heard upon motion to remove default.

The motion was opposed and request made that it be granted only upon the condition that the defendant should not be allowed to plead the statute of limitations.

According to the weight of authority such a condition should not be imposed and we therefore grant the motion without condition.

Motion of the defendant that he be given ten days from the entry of the order within which to file his pleadings is granted.

For Plaintiff: Baker & Spicer.

For Defendant: Sherwood, Heltzen & Clifford.